The next case for argument is 24-2105, United States. Good morning, your honors. My name is Wojciech Kornacki and I'm an attorney for appellant. Appellant is in the courtroom today with us. Your honors, we would respectfully request that the court vacate the judgment of the Court of Federal Claims and remand it to the Court of Federal Claims for further decision. This case concerns a certificate of discharge and other documents that indicate that appellant reached the maximum years of service and meaning that it was in. So let's just get down to it because we know what the case is. Yes. Why was the Court of Federal Claims wrong to say that her retiring early voluntarily barred her because there's no money mandating statute that comes into play, naming the whatever the Military Pay Act? We would argue, your honor, for two reasons. The first one is the Rule 12d of the Court of Federal Claims that states that if the defendant is introducing matters outside of pleadings or outside of the administrative record, both parties have a right and must be given a reasonable opportunity to present all matters pertinent to this motion. In this case, appellant was not able to do so because the case was dismissed outright. Because this matter was in dispute, a motion for summary judgment would also not be appropriate. Are you disputing the time that she retired? I mean, that's an official thing. No, we're not disputing that it was before the 28th anniversary, which the statute seems to require. We're not disputing the timing, your honor. We're disputing that it was voluntary. We're arguing that it was involuntary and consistent with Atkins. An early submission of a voluntary retirement doesn't automatically mean that it's a voluntary retirement. In Atkins, the Department of Defense notified a field grade officer that you will be mandatorily retired. He submitted a request to early retire and the Department of Justice moved to dismiss his case because they were arguing it was a voluntary retirement. But the Court of Federal Claims granted the motion to dismiss and the Court of Appeals for the Federal Circuit overturned it because it stated that it would have still been a voluntary retirement. In this case, the administrative record shows that the Board for Correction of Naval Records, which are presumed to be the experts in military personnel law, have decided in their decision that Commander Frank has been mandatorily retired, which means involuntarily. In addition, we also have her request when she submitted a petition to the Board for Correction of Naval Records, and this is page 66 and also 755 and 89, where she specifically requested the Board for Correction of Naval Records to expedite the processing of her petition because she was scheduled to mandatorily retire in October of 2021. I understand that all of that was in front of the Court of Federal Claims. What more would you have presented if on 12-D you were given an opportunity to present more? We would definitely present additional evidence, including statements or maybe additional records, to show that the appellant was notified in January of 2021 that this would be a mandatory retirement. The appellant specifically petitioned the Board for Correction of Naval Records in February of 2021 to expedite it because she knew her only opportunity to be properly considered for promotion would be if the Board made a decision before she was mandatorily retired. So she would not have submitted this request had she been properly informed. Why did she even submit a retirement request? My understanding was that would be unnecessary. If she was going to be mandatorily retired involuntarily on the 28th anniversary, she didn't need to do anything. Your Honor, the reason why appellants submitted this request is it was because it was her understanding that she was going to be mandatorily retired anyway. And when the Navy says to clear your desk, you clear your desk. So she submitted this request. Just so I can also understand this same question a little better, is there some advantage to the service member to, when they are about to be mandatorily retired, to choose to file a retirement application that would occur at the same time that the mandatory retirement would occur? Yes, Your Honor. Because if there is none, then it does seem like almost a redundant, empty exercise. Yes, Your Honor. There could be. One is you can get quicker to the court because by requesting to retire early, just like in Atkins, you keep the process moving forward. Appellant has been fighting for justice in this case since 2017. So she filed a petition with the Board for Correction of Naval Records in January of 2021. I'm confused. I think you're now talking about petition and litigation filings. I think the question is why did she file a request for voluntary retirement when she was going to be mandatorily retired on the 28th anniversary? Because this made her retirement date earlier, and then this would allow her to. But if it makes her retirement date earlier, doesn't that defeat your case? Isn't that an acknowledgement that she asked voluntarily, perhaps based on mistaken information, but she voluntarily asked to be retired earlier than she mandatorily would have been retired? So we would rely on Atkins, Your Honor, where the appellant submitted a voluntary early retirement, and the court determined that based on the information that he had at the time, it was still mandatory. I think ultimately the logic is you don't have to wait until the last day when you're being told you're being mandatorily retired. You can apply early, and it's still considered mandatory retirement. In this case, appellant has already been not selected for promotion twice. She was removed from the promotion list in 2019, then in 2020, and in 2021, she was not selected for promotion. So that was another mandatory grounds that the appellant would have been forced to mandatorily retire anyway. In this case, the Navy issued a certificate of discharge. Now it's important to note that the process of issuing a certificate of discharge starts approximately one year early. So this coincides with submitting the petition to the Board for Naval Records in early 2021, where first the Navy has to issue orders, then they have to issue the proper code, and then they have to issue the reason for separation. The Navy has been working on this since early 2021. To address the justiciability argument, the government seems to offer that as an alternative basis to affirm the dismissal, I think, of your entire case, that the promotion at least is non-justiciable, and therefore everything else isn't. What's your response? Your Honor, we would respectfully disagree with this argument, and we have two on-point cases. One is Atkins, and the other one is Dessert, that specifically say that the court will not question the discretion of the Navy for promotion, but the court will question the process, and the court will check whether the process was followed. And both in Atkins and in Dessert, the court determined that the military didn't follow its process, and that's why the court stepped in and was involved. Commander Frank Appellant has never argued that she's entitled to promotion. She's arguing that she's entitled to the correct application of all the Naval instructions here. And then in this case, the Board for Correction of Naval Records, the experts, have determined that the Navy has not complied with the proper detachment for cause, because one of the grounds was not documented by the evidence, and this is the removal for the loss of trust. Commander Frank has always explained that she was never in command. The Board for Correction of Naval Records has agreed with it, and we would respectfully request that the court hold the Navy accountable instead of just allowing the Navy to throw this harmless air blanket over all those violations. In addition, the Navy has delayed the consideration of the removal for over two years. It was two years and two months, which goes against the Congressional intent of limiting how long the Navy can decide on this. And then finally, the Navy has spent over a year issuing certificate of discharge orders and the special codes to all indicate that Commander Frank the Appellant has been being mandatorily retired for meeting the maximum years of service. But when she filed a lawsuit to contest this, all of a sudden the appellate is arguing that these records are incorrect and that the motion should be granted for the dismissal. So we would respectfully request that Your Honor deny the motion. Can I just ask you kind of a housekeeping question? You've mentioned Atkins here a number of times in response. I don't see it in the table of authorities in blue. Did you cite Atkins in your blue brief? Yes, Your Honor. We believe we referenced Atkins in our response brief. In gray, it's like seven sites. But I'm asking about blue. No, we haven't referenced there because we were relying on the arguments made by the appellee. And the appellee started to argue that this issue was just not reviewable by the court. So we explained that it was. And we have Atkins, and we also have discharge. Isn't that consistent with what the Court of Federal Claims is arguing? We would argue that the primary issue for us would be the motion to dismiss. And then Commander Frank has never argued that she's entitled to promotion. She's arguing to a proper review. And then Atkins states that she can submit an early request to retire that can still be considered mandatory and that courts can review whether the Navy followed the proper promotion procedures. In this case, the Navy issued documents stating that it was a mandatory retirement because she reached her— No, I understand the merits. I'm just talking about how if this becomes the heart of your case, it's kind of problematic or at least questionable why it wasn't cited in blue at all. I mean, it's not like you didn't know this issue was here and you heard about it for the first time. Your Honor, we would respectfully submit that this is not the primary issue in this case. The primary issue is that her complaint was dismissed by considering matters outside of pleadings, and she never had a chance to brief this. The argument that the courts cannot review promotion considerations has been well laid and explained because it's clear in Atkins or in this instance that the court can always review the procedures. Here, she was detached for cause for one of the grounds that was not applicable. The Board for Correction of Naval Records agreed with that, but there was no relief granted. So, we would argue that the Secretary of the Navy, when he took her off the promotion list, relied on the improper ground and this tainted the whole process. Thank you. Why don't we hear from—you're into your rebuttal time. Mr. Falconer, good morning. May it please the Court. I'll start with the justiciability issue that was just discussed because I think that's an important point that was raised. Mr. Kornacki just said that Commander Frank has never argued that she's not entitled to a promotion. If that's the case, then I'm not sure what the claim for monetary damage is in the complaint. And the reason for that is that Commander Frank served in the rank of commander up until her retirement and was paid for that service. So, I've always understood the complaint to mean there has to be some monetary damages for back pay, meaning I should have been promoted to captain maybe in 2017 or 2018 and received the pay for that service as a captain. Without that claim for back pay, I don't think there's any claim for monetary damages in the complaint and it appears to be just a request to correct Commander Frank's military records. That's a problem because under the Tuck Act 1491, any correction of military records has to be incident of or collateral to the monetary damages. So, in other words, the Court just doesn't sit as— But if, and I'm not sure if this is what she was arguing or alleging, but perhaps, am I right, you can stay—if you're on the promotion list as a 28 years, is that right? As an officer? Yes, Your Honor. I do believe you could go over the 28 years if you're actually on the promotion list. So, could it be that her money damages claim is for continued pay at the commander level during the time she would have stayed on the promotion list? I'm not trying to make her case, but is it possible that that's what the complaint alleged? If, for example, that's the complaint, I still think that it's not a justiciable issue because the Secretary of the Navy decided to remove her from the captain promotion list. In other words, to say we're not going to point you to the rank of captain and that decision in itself is not justiciable under DICERT. That decision, that exercise of discretion— To remove her from the promotion list is not justiciable. We have no authority to review the removal from the promotion list, you're saying? In this case, yes, I think, Your Honor, under DICERT and the precedent that follows, yes. I guess maybe the argument is because process wasn't properly followed, then the act of removing her from the promotion list was inappropriate, even if meritorious, because the process wasn't followed properly. It was therefore, you know, it sort of blocks the ability to remove her from the promotion list. Yes, Your Honor, I think that's probably where this is going, but I don't think that's the case. I think we actually have the Secretary of the Navy's decision in the appendix 224-27, and it explains the Secretary reviewed her arguments, it addresses her arguments, so it had both her arguments and the evidence that she submitted and the results of the command investigation, and based on all of that information, the Secretary of the Navy at that point exercised his discretion and decided to remove Commander Frank from the captain promotion list. So I don't think that involves any sort of procedural violation. This isn't a case where I was reviewing the other cases where maybe, for example, a doctor was up for promotion and the government thought that the doctor needed a license that the doctor didn't need. That'd be like a statutory violation, but here it's just an exercise of discretion. The Secretary said, based on this conduct in your service, I just don't think that you should remain on this captain promotion list because I don't think you should be promoted captain. So that's a bit different there. There's really no procedural or regulatory violation here. What about the involuntary-voluntary question that your friend relies on, Atkins? Yes, Your Honor. So the two points I had on that, so Atkins was, in that case, the officer was dismissed under Section 638, and here it's 633, 10 U.S.C. 638. That allows for, in that case, the Army to selectively choose to retire someone early. So the officer in that case had been passed over once to promotion, I think, as lieutenant, but not a second time. So the officer could have actually continued serving. It wasn't an issue where the officer was reaching the maximum time and grade and was statutorily required to retire. The officer could have kept serving, but the Army made the decision selectively to say, we're going to force you to retire involuntarily. At that point under the statute, Section 638, the officer has the option to retire early. Essentially, the government says, well, you don't have to keep serving if we're going to retire you early, and that's what the officer chose. I'm going to retire early, but the statute itself says this, as a matter of law, is involuntary retirement under 638. There's a separate provision. The statute actually says that? Yes, it says that. His point is, Atkins stands for the proposition that when you are about to be mandatorily retired, you can, under those circumstances, request an early retirement, and your retirement will still be deemed involuntarily retired. Yes, so that's just, Atkins is completely distinguishable because the statute says it's involuntary. If you retire pursuant to this section, it's involuntary. Now I think it's subsection D. At the time of Atkins, it was a different one, but the decision itself lays it out and says, as a matter of law, this was involuntary. And it's really, at that time, it was a simple issue of statutory analysis. They just had to interpret the statute. The statute says this is involuntary. Say that to me again, would you say 10 U.S.C. 638? Yes, yes, your honor, 10 U.S.C. 638. And statute it is 633 here. 633, yes, same thing, 10 U.S.C. 633. And that just says, when you reach 28 years of service and you're not on the list, you're going to have to retire. It doesn't contain the same provision that says, if you actually retire early because this is impending, that's involuntary. This case is much more to SAMT, which isn't in the briefs, because Atkins was raised in the reply. But there's other cases from this court that says, essentially, just because a service member is facing an impending resignation and has a couple of undesirable decisions, that doesn't mean that it's involuntary. So this is much more akin to SAMT. And I can just give that for the record here, that's 780 Federal 2nd 31. So it's closer to that case, and Atkins really is distinguishable. I'd also note that the reply brief talks about the notification in Atkins. It's not like a notification, you're reaching your statutory max. Like I said, that was a selective decision by the Army to retire that officer early. So it's not just your time's coming up, it's we've selected you, you're going to have to retire. So it's different than a frank to putting in her voluntary retirement to get out a few months ahead of the mandatory 28-year retirement that would have happened had she done nothing? None that I'm aware of, Your Honor. Speaking with the agency and others, it just would be a personal decision, maybe, to retire early and pursue other endeavors. Does your non-justiciability argument, does it go to the whole complaint? That is, we could affirm and not reach any other issue if we were persuaded by the non-justiciability argument? So yes, Your Honor, based on my understanding that Commander Frank was actually requesting a retroactive promotion, which I think was the trial court's understanding. And if that's not the case, like I said when I began, it's not clear at all what sort of monetary damages are being requested here. And it's just a request to correct the records, which the Court of Federal Claims is of limited jurisdiction, and it doesn't have jurisdiction to do. What about if we were to reach the issues? She says you don't address her argument that under 12d she was entitled to notice that she could submit additional information, and then this should have been converted to a motion for summary judgment, which should have been denied, so there could be further proceedings. What is your response to that? So respectfully, I would suggest we did address it. We noted that the Court could consider official public records and documents integral to the complaint. The trial court relied on those two documents, I think, on that basis, and a footnote describes it. So we did address it, and we said, no, the trial court can look at these two documents, or this court, the noble review, can do the same. Well, she says at least today, I think it's in her brief too, she has other evidence she would have presented. What are we to make of that? So it's not clear what that evidence is, but she could have presented that evidence below in response to our motion. There was also an argument here about presenting statements potentially. She could have amended the complaint after we filed that motion to dismiss and included a discussion of all these issues and explained why her decision to submit that retirement request was involuntary, if she had been directed or anything like that. So she had an opportunity to amend her complaint, attach documents in response to our motion, and we also worked on the administrative record together. So if there were any documents, certainly we could have discussed that or supplemented or completed the records. There was numerous avenues still at that point in time to add documents or consider other arguments if there was just an amendment to the complaint. If there's no further questions, we respectfully request the court affirm the dismissal for failure to state a claim. Your Honor, she rebuttals. First, we would like to address the point that the Secretary of the Navy properly removed Appellant from the promotion list. In the record on pages of 224 and 225, it specifically references that Appellant was detached because of the loss of trust, even though the Board for Correction of Naval Records agreed that this was not a proper ground. We would respectfully agree with Your Honor's argument that had the Navy properly considered Appellant's responses and the detachment for cause issues, she could have continued to serve more, and then she could have served beyond 20 years. Had she been properly considered, she could have been promoted, and she was denied this opportunity because the Navy simply just said, yes, we know we violated our own rules, but we're still going to remove her from promotion. Considering the notices in terms of what Navy sends out when someone is about to separate, either mandatorily or not, we would reference Section 1456, which is the Military Personnel Manual, Section 1810-020, that says, and the declaration from Mr. Yarborough, who is the personnel individual at the Navy, who explains that this whole process starts about a year before, and this is in early 2021 when Commander Frank was submitting all these applications that the Navy will send out notices, and also we would like to add that, yes, we did work on the administrative record, and as far as we were told, the three documents that were later used for the motion to dismiss were not added to the administrative record. They were only used at the time of the motion, and my learned colleague's argument that this could have been submitted later essentially complies with the rule, with what the Court of Federal Claims Rule 12d requires, that each party will be allowed to make additional submissions, because in this case, appellant has not been able to make these submissions. We would respectfully request to remand it to the Court of Federal Claims and allow appellants to make those submissions. Service members should take an oath to defend the Constitution of the United States with their lives, deserve the system that follows its own regulations, and in this case, the evidence and the Board for Correction of Naval Records agrees that the Navy didn't follow its regulations, and based on this, we would respectfully request to remand this case to the Court of Federal Claims. Thank you. Thank you. Thank both sides. The case is submitted.